IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| NOE KIM RAQUINIO, | ) | Civ. No. 19-00155 SOM-RLP |
|---|---|---|
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| vs. | ) | PETITION UNDER 28 U.S.C. |
| | ) | § 2254 SHOULD NOT BE |
| COUNTY OF HAWAII, | ) | DISMISSED AS UNTIMELY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER TO SHOW CAUSE WHY PETITION UNDER 28 U.S.C. § 2254 SHOULD NOT BE DISMISSED AS UNTIMELY

On March 27, 2019, Petitioner Noe Kim Raquinio, *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The court is aware that, in Raquinio's state criminal proceedings, "Judgment of Conviction and Probation Sentence" was entered on January 19, 2018. *See* Civ. No. 16-00268 SOM-RLP, ECF No. 73-6. That judgment was part of the record in a separate civil case filed by Raquinio in this court.

A one-year statute of limitations is imposed on the filing of a § 2254 petition. 28 U.S.C. § 2244(d)(1). This limitations period begins to run when a judgment becomes final, after the exhaustion of state remedies. *See* 28 U.S.C. § 2244(d); *Gosney v. Washington*, 34 F. App'x 250, 250 (9th Cir. 2002). Under Rule 4(b) of the Hawaii Rules of Appellate Procedure, a notice of appeal in a state criminal case must be filed within 30 days after the entry of the judgment.

Raquinio does not appear to have filed an appeal from his state criminal judgment. Thirty days after January 19, 2018, was Sunday, February 18, 2018. Under Rule 26(a) of the Hawaii Rules of Appellate Procedure and Rule 45(a) of the Hawaii Rules of Penal Procedure, when the final day of a designated period of time falls on a Saturday, Sunday, or a holiday, the period runs until the next working day. The following Monday, February 19, 2018, was Presidents' Day, a holiday under both federal and state law. Raquinio's appeal would therefore have been due by Tuesday, February 20, 2018.

Absent any tolling, Raquinio's § 2254 petition was due by February 20, 2019, which is one year after his 30-day state appeal time ran. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting the "anniversary method" for calculating the § 2254 limitations period, meaning that the period expires on the same date as the triggering event but in the following year). It appears that Raquinio's § 2254 petition was filed more than a month late. Unless Raquinio can show that he is entitled to have the time tolled, his § 2254 petition is time-barred.

Raquinio is hereby ordered to show cause why his petition should not be dismissed as untimely. Raquinio must file his response by April 19, 2019. If he fails to do so, his petition will be automatically dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

<u>Noe Kim Raquinio v. County of Hawaii</u>, Civ. No. 19-00155 SOM-RLP; ORDER TO SHOW CAUSE WHY PETITION UNDER 28 U.S.C. § 2254 SHOULD NOT BE DISMISSED AS UNTIMELY.