```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| NOE KIM RAQUINIO, | ) | Civ. No. 19-00155 SOM-RLP |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | UNDER 28 U.S.C. § 2254 |
| vs. | ) | |
| | ) | |
| COUNTY OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2254**

On March 27, 2019, Petitioner Noe Kim Raquinio, *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2254. ECF No. 1. In Raquinio's state criminal proceedings, he entered a plea of guilty to Promoting a Dangerous Drug in the Second Degree, and he was sentenced to four years of probation on January 19, 2018. *See* Civ. No. 18-00268 SOM-RLP, ECF Nos. 73-5, 73-6.[1] His § 2254 petition arises out of the traffic stop that led to his arrest and conviction, and he asserts claims of illegal search and seizure and false arrest.[2] *See* ECF No. 1, PageID #s 5-11.

On March 29, 2019, this court ordered Raquinio to show cause why his petition should not be dismissed as untimely. ECF

---

[1] The guilty plea and judgment were part of the record in a separate civil case filed by Raquinio in this court.

[2] Though not presented as a separate ground for relief, Raquinio's petition also alleges in several places that he was "[m]isrepresented by [his] [a]ttorney." *See* ECF No. 1, PageID #s 7, 9, 10, 12.

No. 6.  In that order, the court determined that "[a]bsent any tolling, Raquinio's § 2254 petition was due by February 20, 2019, which is one year after his 30-day state appeal time ran." *Id.*, PageID # 76.  In his response filed on April 1, 2019, Raquinio does not show that he is entitled to have the time tolled.  ECF No. 7.

Raquinio states that "upon sentencing I was required by order to [undergo a] substance abuse assessment," after which he planned to pursue treatment for lower back pain that he had experienced since 2012.  *Id.*, PageID #s 78-79.  However, he does not provide any dates for his medical assessment and treatment, or explain how any assessment or treatment prevented him from timely filing his § 2254 petition.

Raquinio also states that he had "[come] across a writ of H[a]beas Corpus application" earlier, but that he did not think that it applied to him because he was not incarcerated. *Id.* at 79.  Raquinio's confusion as to the applicability of § 2254 does not excuse the delay in filing his petition.  *See Korolev v. Horel*, 386 F. App'x 594 (9th Cir. 2010) ("[A] *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009)). Raquinio does not establish that his petition is timely.

The court notes that Raquinio also does not appear to have exhausted his claims in state court before filing his § 2254 petition.  See ECF No. 1, PageID #s 2-4.³  "[B]efore such a petition may be heard, the petitioner must 'seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'"  Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017) (quoting Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  A petition containing unexhausted claims must be dismissed.  See id.

The court dismisses Raquinio's § 2254 petition.  The Clerk of Court is directed to enter judgment in favor of Respondent and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 8, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noe Kim Raquinio v. County of Hawaii, Civ. No. 19-00155 SOM-RLP; ORDER DENYING PETITION UNDER 28 U.S.C. § 2254.

---

³ Raquinio used this court's form for a request for relief under § 2254 and checked "No" to the following questions: (1) "Did you appeal from the judgment of conviction?"; (2) "Did you seek further review by a higher court?"; (3) "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?"; and (4) "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?"  ECF No. 1, PageID #s 2-4, 12.