```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAII

NOE KIM RAQUINIO,              )   Civ. No. 19-00155 SOM-RLP
                               )
        Petitioner,            )   ORDER DENYING PETITIONER'S
                               )   "AMENDED PETITION" WHICH THE
        vs.                    )   COURT DEEMS TO BE A MOTION TO
                               )   ALTER THE JUDGMENT UNDER RULE
COUNTY OF HAWAII,              )   59(e) OF THE FEDERAL RULES OF
                               )   CIVIL PROCEDURE
        Respondent.            )
_____)
```

**ORDER DENYING PETITIONER'S "AMENDED PETITION" WHICH THE COURT DEEMS
TO BE A MOTION TO ALTER THE JUDGMENT UNDER RULE 59(e)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

On April 9, 2019, Petitioner Noe Kim Raquinio, *pro se*, filed an "Amended Petition Answer To Court[']s Order To Show Cause [Why] Petition Under 28 U.S.C. 2254 Should Not Be Dismissed As Untimely." ECF No. 14. Judgment was entered in this case on April 8, 2019, after the court dismissed Raquinio's § 2254 petition for failing to establish that his petition was timely, and for failing to exhaust his claims in state court. ECF Nos. 9, 10.

Because Raquinio's document was filed less than 28 days after entry of the Judgment, the court deems the document to be a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). There are four grounds on which a Rule 59(e) motion may be granted: 1) manifest error of law or fact upon which the

judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law. *Id.* at 1255 n.1.

As brief background, and as explained by this court's prior orders, Raquinio's § 2254 petition was due by February 20, 2019, and Raquinio filed his petition on March 27, 2019. *See* ECF Nos. 1, 6, 9. Because his petition was filed a month after the deadline, the court ordered Raquinio to show cause why his petition should not be dismissed as untimely. ECF No. 6. In its order dismissing Raquinio's petition, the court explained that Raquinio's response to the order to show cause did not establish that his petition was timely:

> Raquinio states that "upon sentencing I was required by order to [undergo a] substance abuse assessment," after which he planned to pursue treatment for lower back pain that he had experienced since 2012. [ECF No. 7], PageID #s 78-79. However, he does not provide any dates for his medical assessment and treatment, or explain how any assessment or treatment prevented him from timely filing his § 2254 petition.
>
> Raquinio also states that he had "[come] across a writ of H[a]beas Corpus application" earlier, but that he did not think that it applied to him because he was not incarcerated. *Id.* at 79. Raquinio's confusion as to the applicability of § 2254 does not excuse the delay in filing his petition. *See Korolev v. Horel*, 386 F. App'x 594 (9th Cir. 2010) ("[A] *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008,

2

>     1013 n.4 (9th Cir. 2009)).  Raquinio does
>     not establish that his petition is timely.

ECF No. 9, PageID # 86.

In the present motion, Raquinio provides additional medical information about his lower back pain and attaches two documents dated December 20, 2018, and January 24, 2019, that describe his medical condition and physical therapy treatment plans.  ECF No. 14-1.  According to these documents, Raquinio underwent spinal surgery in late November 2018.  *Id.*, PageID # 138.

This additional medical information does not provide grounds to amend the Judgment.  Raquinio does not explain how his surgery or physical therapy prevented him from timely filing his § 2254 petition.  The documents describing his physical therapy treatment plans do not indicate that he was admitted to the hospital during February 2019, when his petition was due, but rather show that he was receiving physical therapy a few times a week starting in early 2019.  The court understands and is sympathetic to the long-term back pain that Raquinio has experienced.  The court further understands that medical conditions, family circumstances, and other matters may occupy parts of the one-year limitations period.  Something more than the existence of a circumstances taking up some of that period must be presented.  Some showing as to how a circumstance justifies tolling the period is needed.  Given the absence of

such a showing, the Judgment cannot be said to have been based on any manifest error of fact with respect to Raquinio's medical issues.

Seeing no ground to alter or amend the Judgment, the court denies Raquinio's motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 16, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noe Kim Raquinio v. County of Hawaii, Civ. No. 19-00155 SOM-RLP; ORDER DENYING PETITIONER'S "AMENDED PETITION" WHICH THE COURT DEEMS TO BE A MOTION TO ALTER THE JUDGMENT UNDER RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE.